[Crim. No. 5073.   Second Dist., Div. One.   Nov. 5, 1953.]

THE PEOPLE, Respondent, v. CHARLES BUENO GOMEZ, Appellant.

J. Widoff for Appellant.

Edmund G. Brown, Attorney General, and Norman H. Sokolow, Deputy Attorney General, for Respondent.

DRAPEAU, J.—Defendant was tried by the court for possession of heroin.

The arresting officer testified that he had been watching defendant through the glass panel of a door. Defendant was seated in the room under observation, talking with two women. Then, as defendant started toward the door, the officer opened it. The door struck defendant and knocked a package out of his hand and onto the floor.

The officers picked up the package. It contained five smaller packages or bindles of heroin, wrapped in cellophane.

Defendant testified that the heroin did not belong to him; that it belonged to one of the ladies in the room.

Defendant was convicted. His application for probation was denied, and he was sentenced to the county road camp

for a six-month term. He appeals from the judgment and from an order denying his motion for a new trial.

In his brief defendant states: "It is the contention of the defendant that the evidence adduced at the trial was so unsubstantial and improbable as to amount to no evidence at all."

This contention is without merit. (*People* v. *Silva*, 119 Cal.App.2d 421 [259 P.2d 74], and cases there cited.) Even defendant's brief quotes testimony of the arresting officer which supports the decision of the trial judge:

"Q. Did you see this drop from his hand? A. Yes, I did."

The judgment and the order denying defendant's motion for a new trial are, and each of them is, affirmed.

White, P. J., and Doran, J., concurred.